PEOPLE v WILKINSON

1. CRIMINAL LAW—GUILTY PLEA—PLEA BARGAINS—UNKEPT PLEA BARGAINS—WITHDRAWAL OF PLEA.

A guilty plea entered in reliance upon a plea bargain may be withdrawn where the bargain is unkept.

2. CRIMINAL LAW—PLEA BARGAINS—CONSTITUTIONAL LAW—RESPONSIBILITY OF COURT.

Plea bargaining has been held to be constitutionally permissible and courts are charged with the responsibility of seeing to it that defendants receive their just benefits.

3. CRIMINAL LAW—PLEA BARGAINS—DISMISSAL OF INDICTMENT—APPROVAL OF COURT.

A plea bargain involving the dismissal of an indictment must have the approval of the court having jurisdiction of the offense charged in the indictment before the bargain can be effective (MCLA 767.29).

4. CRIMINAL LAW—PLEA BARGAINS—UNKEPT PLEA BARGAINS—SPECIFIC PERFORMANCE—NEW PLEA BARGAINS.

A defendant, who was charged with armed robbery and had made a plea bargain with the prosecutor whereby a plea of guilty would result in a dismissal of all other charges pending against him within 60 days of sentencing, was not entitled to specific performance of the bargain when a different judge refused to dismiss a second armed-robbery charge against the defendant after approval of the bargain and acceptance of the guilty plea by the first judge, where defendant entered into a new plea bargain when confronted with the facts, the new bargain was fully kept, defendant was fully advised of the situation and freely made his choice, and no prejudice, unfairness or injustice resulted.

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.
Enforceability of plea agreement or plea entered pursuant thereto, with prosecuting attorney involving immunity from prosecution for crimes. 43 ALR3d 281.

Appeals from Muskegon, Charles A. Larnard and James F. Schoener, JJ. Submitted Division 3 June 3, 1974, at Grand Rapids. (Docket Nos. 15284, 19039.) Decided December 5, 1974.

Jerome Lee Wilkinson was convicted, on his pleas of guilty, of two separate charges of armed robbery. Defendant appeals as of right in one case and by leave granted in the other. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Neil G. Mullally,* Assistant Prosecuting Attorney, for the people.

*Balgooyen, Daniels & Balgooyen, P. C.,* for defendant.

Before: HOLBROOK, P. J., and T. M. BURNS and R. L. SMITH,* JJ.

R. L. SMITH, J. Defendant, Jerome Lee Wilkinson, was charged with two separate offenses of armed robbery, MCLA 750.529; MSA 28.797. Specifically defendant was charged with the offense of armed robbery of the Boelkin's Grocery Store on January 13, 1972, file no. 16582 in the trial court, and with the offense of armed robbery of the Hackley Bank on January 17, 1972, trial court file no. 16616. File no. 16582 was assigned to Circuit Judge James F. Schoener and file no. 16616 to Circuit Judge Charles A. Larnard. Defendant was represented by the same defense counsel in both cases.

As a result of plea bargaining defendant pled guilty to the offense of armed robbery of the

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

grocery store. The prosecutor and defense counsel had agreed that a plea of guilty in that case would result in a dismissal of all other matters pending against defendant within 60 days of sentencing. Judge Schoener approved the agreement and accepted the guilty plea. On May 27, 1972, defendant was sentenced to a term of 10 to 40 years with a recommendation that he serve 10 years.

In file no. 16616 Judge Larnard refused to permit dismissal of the bank robbery charge. When so informed defense counsel conferred with Judge Schoener who informed counsel that defendant would be allowed to withdraw his guilty plea under the circumstances. Counsel then conferred with Judge Larnard concerning Judge Schoener's views as a result of which Judge Larnard expressed his willingness to accept a plea of guilty to the offense of armed robbery of the bank and consider a sentence not greater than the sentence already imposed by Judge Schoener.

Defense counsel then brought these alternatives to defendant: he could withdraw his guilty plea in file no. 16582 and stand trial therein or he could let his guilty plea stand and plead guilty in file no. 16616 with the understanding that the sentence to be imposed by Judge Larnard would not be greater than that already received from Judge Schoener. Defendant chose to plead guilty before Judge Larnard. On July 10, 1972, defendant entered his guilty plea and was sentenced by Judge Larnard to a term of 8 to 15 years in prison.

Defendant appeals both cases seeking specific performance of the plea bargain entered into in file no. 16582.

We take no issue with defendant's claim that an unkept plea bargain should result in a withdrawal of a guilty plea entered into in reliance thereon. *In*

*re Valle,* 364 Mich 471; 110 NW2d 673 (1961);
*People v Hildabridle,* 45 Mich App 93; 206 NW2d
216 (1973); *People v Stevens,* 45 Mich App 689; 206
NW2d 757 (1973). Plea bargaining having been
held to be constitutionally permissible *North Caro-
lina v Alford,* 400 US 25; 91 S Ct 160; 27 L Ed 2d
162 (1970), courts are charged with the responsibil-
ity of seeing to it that defendants receive their just
benefits.

While it should have been clear to both prosecu-
tor and defense counsel that a plea bargain involv-
ing dismissal of an indictment must have the
approval of the "court having jurisdiction" before
it can be effective, MCLA 767.29; MSA 28.969, we
do not base our decision on this ground.

Defendant, when confronted with the facts as
above stated, made his decision, founded on a new
plea bargain, which has been fully kept, to allow
his first guilty plea to stand and to accept the
judgment of Judge Larnard in fulfillment of the
new plea bargain.

We find no prejudice, unfairness, or injustice
resulting from these events. Defendant was fully
advised of the situation and freely made his
choice.

Both cases affirmed.

All concurred.