PEOPLE v COURTS

(CITY OF PONTIAC v COURTS)

Opinion of the Court

1. Fines—Traffic Offenses—Ordinances—Plea of Guilty—Constitutional Law—Right to Trial.

The setting of a $15 limit on fines for persons pleading guilty to minor traffic offenses for which an ordinance provides punishment of up to a $100 fine and 90 days in jail represents a service and a benefit to a defendant who pleads guilty and to the public generally, and does not impose an impermissible burden on a defendant's exercise of the right to a trial (Pontiac City Ordinance No. 926).

2. Fines—Traffic Offenses—Plea of Guilty—Constitutional Law —Right to Trial.

The offer of a benefit to a defendant by setting a $15 limit on fines imposed on persons pleading guilty to minor traffic offenses, while not so limiting the fine which can be imposed where the defendant is found guilty at a trial, is analogous to the practice of plea bargaining, which has been held not to infringe upon a defendant's constitutional right to trial.

3. Criminal Law—Sentencing—Statutory Limits—Appeal and Error.

A sentence which is within statutory limits will not be disturbed by the Court of Appeals.

4. Costs—District Court—Traffic Offenses—Statutes.

A district court may properly impose costs exceeding the statutorily mentioned dollar amount where a defendant has been found guilty of a traffic offense after a trial (MCLA 774.22; MSA 28.1213).

Dissent by T. M. Burns, P. J.

5. Fines—Constitutional Law—Right to Trial—Right Against Self-Incrimination.

*A district court procedure which imposes a $15 fine on a defend-*

Reference for Points in Headnotes

[1–5] 7 Am Jur 2d, Automobiles and Highway Traffic § 168 *et seq.*

*ant who pleads guilty to a specified traffic offense, while subjecting a defendant to the possibility of a $100 fine, 90 days in jail and costs where he elects to go to trial, is improper because it effectively penalizes a defendant for exercising his constitutional rights to trial and to freedom from self-incrimination (US Const, Ams V, VI, XIV).*

Appeal from Oakland, James S. Thorburn, J. Submitted April 7, 1976, at Lansing. (Docket No. 23500.) Decided August 23, 1976.

Robert G. Courts, Jr., was convicted in district court of operating a motor vehicle without certificate of registration in possession, in violation of a city ordinance. Defendant appealed to circuit court, which affirmed. Defendant appeals by leave granted. Affirmed.

*Alger H. Strom,* Deputy City Attorney, for the people of the City of Pontiac.

*McLay, Toby & Levine,* for defendant.

Before: T. M. Burns, P. J., and V. J. Brennan and D. E. Holbrook, Jr., JJ.

V. J. Brennan, J. Defendant was charged with operating a motor vehicle without certificate of registration in possession, contrary to Pontiac City Ordinance No. 926, and was thereafter tried in a nonjury trial, 50th District Court Judge Robert E. Cunningham presiding, and was convicted on November 8, 1974. At the conclusion of the trial and the rendering of the verdict, defendant was sentenced to a jail term of 30 days and a fine of $100 plus court costs of $154, or, in lieu of the payment of said fine, to be incarcerated for an additional 30 days.

Defendant does not challenge the validity of his

conviction in this appeal, but rather alleges that the sentence imposed as a result of this conviction was invalid to the extent that it exceeds the sentence that would have been imposed had the defendant pled guilty.

The underlying facts of this case are not in dispute.

On August 16, 1974, defendant was issued a traffic citation by the Pontiac Police Department for the operation of his motor vehicle without certificate of registration in possession in violation of the aforementioned Pontiac City Ordinance. The ordinance, which appears to be similar to MCLA 257.223; MSA 9.1923, subjects an offender to a maximum penalty of $100 and/or 90 days in jail.

Pursuant to MCLA 600.8391; MSA 27A.8391 and DCR 1969, 2003.9, the 50th District Court had established a Traffic Court Violations Bureau. The responsibility of the Bureau included the acceptance of guilty pleas to various minor traffic offenses, including but not limited to the offense of operating a motor vehicle without certificate of registration in possession. Under the schedule of fines established by the 50th District Court as required by the statute and the court rule, a defendant who pled guilty to the present charge by appearing at the Violations Bureau would only be assessed a $15 fine.

Rather than pleading guilty, defendant asserted his right to a bench trial. On November 8, 1974, the bench trial was held and defendant was found guilty. Over counsel's objection, the defendant was thereupon sentenced to serve 30 days in the Oakland County Jail and to pay a fine of $100 plus $154 court costs or to serve 60 days in jail.

Although conceding the validity of his convic-

tion, defendant in an appeal to the Oakland
County Circuit Court challenged the sentence im-
posed alleging that it was invalid and void to the
extent that the sentence exceeded the imposition
of a $15 fine. The Oakland County Court, Judge
James S. Thorburn presiding, affirmed defendant's
sentence holding that the sentence did not violate
any of the defendant's constitutional rights.

On March 21, 1975, this Court, pursuant to
defendant's request, issued an order staying the
execution of defendant's sentence.

The parties have stipulated that defendant's
record of traffic offenses is such that the sentence
imposed by the trial judge, in absence of the
existence of a traffic violations bureau, would not
be unreasonable or invalid.

On appeal, the Court is asked to decide whether
the harsher sentence imposed by the trial court,
where defendant decided to exercise his constitu-
tional right to trial rather than plead guilty, im-
posed an impermissible burden on the exercise of
that right. We think the sentence did not impose
such a burden and so affirm the trial court on this
point. Defendant also questions the assessment of
court costs to him in an amount exceeding the cost
figure specified in MCLA 774.22; MSA 28.1213.
Court costs in this amount are not unreasonable
considering court processes and facilities used.

The practice of setting a $15 limit on fines for
those who plead guilty to minor traffic offenses
under the violations procedure established by the
Violations Bureau in the 50th Judicial District
represents a service and benefit to the defendant
and those similarly situated and to the public
generally. The courts of this state have found
constitutionally permissible various situations in
which a defendant obtains some benefit from his

decision to plead guilty and forego his constitutional right to trial.

In this regard we find analogous the constitutionally approved practice of plea bargaining. *People v Wilkinson,* 57 Mich App 106, 108–109; 225 NW2d 702 (1974), *People v Guest,* 47 Mich App 500, 502; 209 NW2d 601 (1973), *People v Baker,* 46 Mich App 495, 496–497; 208 NW2d 220 (1973), *People v Grades,* 35 Mich App 383, 384; 192 NW2d 655 (1971).

The Federal courts have likewise recognized that offering a benefit to a defendant to secure a guilty plea and avoid a full trial is not unconstitutional. *Brady v United States,* 397 US 742; 90 S Ct 1463; 25 L Ed 2d 747 (1970). In addition, our Sixth Circuit Court of Appeals has found guilty pleas constitutional despite the consideration that to so plead involves compromise and may be motivated by fear of more severe punishment. *United States v Cox,* 464 F2d 937 (CA 6, 1972). See *People v Hollman,* 12 Mich App 231, 237, 238–239; 162 NW2d 817 (1968) (dissent by LEVIN, J.).

Thus, on the basis of what we consider a situation so closely analogous to plea bargaining as to be indistinguishable, we hold that defendant's constitutional right to trial was not infringed by the procedure of "bargaining" employed by the Violations Bureau in the 50th Judicial District.

We also note that the penalty imposed was well within statutory limits. MCLA 257.901; MSA 9.2601, MCLA 117.4i; MSA 5.2082. When the sentence is within statutory limits, we will not disturb the decision of the trial court. *People v Cox,* 53 Mich App 314, 315–316; 218 NW2d 843 (1974), *People v Smith,* 52 Mich App 731, 738; 218 NW2d 151 (1974).

As to defendant's allegation that the costs im-

posed by the trial court are invalid, MCLA 774.22;
MSA 28.1213 provides for the imposition of such
costs upon a defendant's conviction. The statute
provides:

"Whenever the accused shall be tried and found
guilty, either by the court or by a jury, or shall be
convicted of the charge made against him upon a plea
of guilty, the court shall render judgment thereon and
inflict such punishment, either by a fine or imprison-
ment or both as the nature of the case may require,
together with such costs of prosecution and *such other
reasonable costs and expenses, direct and indirect, as
the public has been put to in connection with said
offense not to exceed $15.00* in criminal cases, as the
justice of the peace shall order; but such punishment
shall in no case exceed the limit fixed by law for the
offense charged, and in rendering such judgment and
inflicting such punishment the court may award against
such offender a conditional sentence and order him to
pay a fine with or without the costs of prosecution,
within a limited time of not more than 6 months, to be
expressed in the sentence, and in default thereof to
suffer such imprisonment as is provided by law and
awarded by the court in all cases where the offender
shall be convicted of an offense punishable at the discre-
tion of the court, either by fine or imprisonment or
both." (Emphasis supplied.)

It is apparent that the judge could, contrary to
defendant's contention, properly impose costs ex-
ceeding $15.

Affirmed.

D. E. HOLBROOK, JR., J., concurred.

T. M. BURNS, P. J. *(dissenting).* I respectfully
dissent.

In this case the defendant was penalized by the
trial court for exercising his Sixth Amendment

right to trial and his Fifth Amendment right of freedom from self-incrimination.

Under the procedures followed in the district court a defendant who pleads guilty to operating a motor vehicle without a certificate of registration pays a $15 fine. That is the only penalty he can receive. A defendant charged with the same offense who elects to exercise his constitutional right to a trial is subject to a penalty of 90 days in jail, a $100 fine and hundreds of dollars in costs. The defendant who is confronted with this choice of procedure is, to put it mildly, discouraged from asserting his fundamental constitutional rights. By prescribing different penalties for the same offense in this manner, the district court violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. *United States v Jackson,* 390 US 570; 88 S Ct 1209; 20 L Ed 2d 138 (1968), *Spillers v State,* 84 Nev 23; 436 P2d 18 (1968), *Voyles v Thorneycroft,* 398 F Supp 706 (D Ariz, 1975).

In the case of plea bargaining, there is no such establishment of harshly varying penalties for the same offense depending upon how the accused pleads.

I would reverse the lower courts and remand this cause to the district court for modification of defendant's sentence to a fine of $15.