PEOPLE v GILL

1. COLLEGES AND UNIVERSITIES—ORDINANCES—TRAFFIC—PARKING—
   PEDESTRIANS—STATUTES.

   State college and university traffic, parking and pedestrian ordi-
   nances are authorized pursuant to state statute (MCLA
   390.891, 390.892, 390.893; MSA 15.1120[51], 15.1120[52],
   15.1120[53]).

2. COSTS—DISTRICT COURT—COLLEGES AND UNIVERSITIES—ORDINANCES
   —TRAFFIC—PARKING—PEDESTRIANS—MISDEMEANORS—STAT-
   UTES.

   A person charged with a violation of a state college or university
   traffic, parking and pedestrian ordinance, which violation
   amounts to a misdemeanor, subjects himself to costs as pre-
   scribed by statute where he elects to be tried in district court
   and is found guilty (MCLA 390.892; MSA 15.1120[52]).

3. FINES—COLLEGES AND UNIVERSITIES—ORDINANCES—TRAFFIC—
   PARKING—PEDESTRIANS—MISDEMEANORS—STATUTES.

   A fine imposed for a violation of a state college and university
   traffic, parking and pedestrian ordinance, which violation
   amounts to a misdemeanor, may not exceed $25 (MCLA
   390.891; MSA 15.1120[51]).

4. COURTS—PROBATION—MISDEMEANORS—PUNISHMENT—STATUTES.

   A court may place any person convicted of a misdemeanor on
   probation where the punishment imposed does not equal the
   maximum provided by law (MCLA 771.1; MSA 28.1131).

5. COLLEGES AND UNIVERSITIES—ORDINANCES—TRAFFIC—PARKING—
   PEDESTRIANS—MISDEMEANORS—PROBATION—DISTRICT COURT—
   PROBATION OVERSIGHT COSTS—CONDITIONS OF PROBATION—STAT-
   UTES.

   A person charged with a violation of a state college or university

REFERENCES FOR POINTS IN HEADNOTES
[1, 5] 7 Am Jur 2d, Automobiles and Highway Traffic §§ 12, 13, 16.
[2] No Reference
[3] No Reference
[4] 21 Am Jur 2d, Criminal Law § 563.
[5] 21 Am Jur 2d, Criminal Law § 565.

traffic, parking and pedestrian ordinance, which violation amounts to a misdemeanor, where he elects to be tried in a district court and is found guilty, subjects himself to probation the same as one who is found guilty by a district court of an offense amounting to a misdemeanor; furthermore, probation oversight costs may be imposed by the court as lawful conditions of probation (MCLA 771.1; MSA 28.1131).

Appeal from Kalamazoo, Patrick H. McCauley, J. Submitted April 5, 1977, at Grand Rapids. (Docket No. 27772.) Decided August 8, 1977.

James H. Gill was convicted in district court of operating his motorcycle on the Western Michigan University campus in violation of a university traffic, parking and pedestrian ordinance. Defendant appealed to the circuit court, which affirmed. Defendant appeals, by leave granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James F. Bishop,* Kalamazoo City Attorney, and *Robert H. Cinabro,* Assistant Kalamazoo City Attorney, for the City of Kalamazoo.

*Ford, Kriekard, Staton, Allen and Decker, P. C.,* for Western Michigan University Board of Trustees.

James H. Gill, *in propria persona.*

Before: D. E. HOLBROOK, JR., P. J., and QUINN and ALLEN, JJ.

D. E. HOLBROOK, JR., P. J. Defendant, a Western Michigan University student, appeals, by leave granted, from an order of the Kalamazoo County Circuit Court affirming his district court conviction for operating his motorcycle on the Western Mich-

igan University campus without registering same with the university in violation of § 9.5 of the university's traffic, parking and pedestrian ordinance. Defendant, who was sentenced to pay a fine of $10, costs of $25, and placed on probation for six months together with a $25 probation oversight fee, raises six issues on appeal. We discuss but two.

Defendant claims that his sentence was illegal because it exceeded that which defendant would have received had he pled guilty before the parking violations bureau. Had defendant done so he would have been fined $5 had he pled within 14 days, or would have been fined $10 had he pled guilty more than 14 days after the commission of the offense.

. State college and university traffic, parking and pedestrian ordinances are authorized pursuant to state statute. The relevant statutes are MCLA 390.891; MSA 15.1120(51), MCLA 390.892; MSA 15.1120(52), and MCLA 390.893; MSA 15.1120(53). The first statute cited above permits the governing boards of state colleges and universities to enact parking, traffic and pedestrian ordinances and to provide that a violation of such ordinances is a misdemeanor punishable by a fine not to exceed $25.[1] The last statute cited above provides for the establishment of a parking violations bureau as an exclusive agency to accept pleas of guilty in cases

---

[1] "§ 15.1120(51) Parking, traffic and pedestrian ordinances; enforcement; form. Sec. 1. The governing boards of state universities and colleges may each enact parking, traffic and pedestrian ordinances for the government and control of their respective campuses and may provide that violation of such ordinance is a misdemeanor punishable by a fine of not to exceed $25.00 for each violation: Provided, That enforcement of such ordinances shall be by law enforcement officers of the state of Michigan, county, township or city wherein the violation of any such ordinance occurs. Such ordinance shall be in substantial conformity with the uniform traffic code promulgated pursuant to the provisions of Act No. 62 of the Public Acts of 1956, being sections 257.951 to 257.954 of the Compiled Laws of 1948."

of violation of such college or university ordinances and to collect and return fines and costs as prescribed in such ordinance.[2] The second statute cited above provides that the violation of such ordinances may be enforced in any court having jurisdiction over misdemeanors in the political subdivision where the violation occurs and specifically anticipates the imposition of costs by such courts.[3] In addition, § 10.3 of the Western Michigan University traffic, parking and pedestrian ordinances provides for the imposition of costs when a violator elects to be tried in any court. The pertinent portion of the Western Michigan University ordinance reads as follows:

"Sec. 10.3 * * * Fines collected by the court for ordinance violations shall be paid to the Treasurer of the political subdivision in which the offense is tried within thirty (30) days after collection; and costs shall be handled in the same manner as provided for costs imposed for violation of misdemeanors under state statutes."

We hold, therefore, that where a person is

[2] "§ 15.1120(53) Parking violations bureau; establishment; expense of operation. Sec. 3. The governing board of a state university or college may establish a parking violations bureau as an exclusive agency to accept pleas of guilty in cases of violation of any university or college parking ordinance and to collect and retain fines and costs as prescribed in such ordinance. The expense of operating the bureau shall be borne by the governing board and the personnel of the bureau shall be university or college employees."

[3] "§ 15.1120(52) Enforcement of violations; procedure; fines; costs. Sec. 2. Violation of such ordinances may be enforced in any court having jurisdiction over misdemeanors in the political subdivision where the violation occurs. The procedure in such court shall be governed by its ordinary rules of procedure. Appeals may be taken in the same manner as in misdemeanor cases in such court. Fines collected by the court for ordinance violations shall be paid to the treasurer of the political subdivision in which the offense is tried within 30 days after collection, and costs shall be handled in the same manner as provided for costs imposed for violation of misdemeanors under state statutes."

charged with a violation of a state college or university ordinance, which violation amounts to a misdemeanor, and elects to be tried in a district court and is found guilty of such a violation, he or she subjects himself or herself to costs as prescribed in MCLA 390.892; MSA 15.1120(52). Nor are such costs limited to $15. See *People v Courts,* 70 Mich App 664; 247 NW2d 325 (1976). Moreover, the fine imposed did not exceed that prescribed by the university's violations bureau for such a violation, and even if it had, it would have been lawful provided that it did not exceed the maximum provided for in the ordinance, here $25. Again see *People v Courts, supra.*

Defendant next contends that the district court lacked authority to place him on probation and to assess probation oversight fees. Again we disagree. The enabling legislation above cited[4] and the university's ordinance itself provide that a violation of such ordinance is considered a misdemeanor. MCLA 771.1; MSA 28.1131 authorizes the court to place on probation any person convicted of a misdemeanor when the punishment imposed does not equal the maximum provided by law. Here it did not since defendant was sentenced to but a $10 fine when in fact the trial court could have imposed a fine of $25. The mere fact that defendant would have received a fine of $10 had he appeared before the violations bureau and pled guilty makes little difference. *People v Courts, supra.* Additionally, MCLA 771.2; MSA 28.1132 fixes the maximum period of probation for misdemeanor violations at 2 years. Here the probationary period imposed was but 1/4 of that maximum.

We therefore hold that one who is alleged to

---

4 MCLA 390.891; MSA 15.1120(51) and MCLA 390.892; MSA 15.1120(52).

have violated a state college or university traffic, parking and pedestrian ordinance, violation of which amounts to a misdemeanor, and elects to be tried in the district court and is found guilty subjects himself or herself to probation the same as one who is found guilty by such court of an offense amounting to a misdemeanor under state statute or local ordinance. Furthermore, the probation oversight costs imposed by the court are lawful conditions of probation.

Having carefully examined defendant's remaining allegations of error we find them to be lacking in merit.

Affirmed.