PEOPLE v COURTS

(CITY OF PONTIAC v COURTS)

Docket No. 58944. Decided August 29, 1977. On application by defendant for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the decision of the Court of Appeals and remanded for modification of the sentence.

Robert G. Courts, Jr., was convicted at a bench trial in 50th District Court, Robert E. Cunningham, J., of operating a motor vehicle without a certificate of registration in his possession, in violation of a Pontiac city ordinance. He was sentenced to a jail term of 30 days and a fine of $100 plus costs totalling $154. Under the schedule of fines established by the 50th District Court's Traffic Court Violations Bureau a defendant who appeared at the bureau and pled guilty would be assessed a $15 fine. The defendant challenged his sentence on appeal to the Oakland Circuit Court, James S. Thorburn, J., which affirmed. The Court of Appeals, V. J. Brennan and D. E. Holbrook, Jr., JJ. (T. M. Burns, P. J., dissenting), affirmed (Docket No. 23500). Defendant applies for leave to appeal. *Held:*

The adoption of a scheduled fine system upon pleas of guilty in a traffic violations bureau is a judicial declaration that individualized punishment for the traffic offenses covered by the bureau's schedule is neither required nor permitted. There is no pretense that a scheduled fine system represents an exercise of discretion. The practice of individualizing punishment upon conviction at a trial of offenses covered by the schedule of fines might result in a defendant being penalized for exercising the right to trial. This holding, however, does not establish appellate review of a trial court's sentencing discretion.

The decision of the Court of Appeals is reversed and remanded for modification of the sentence to a fine of $15 and reasonable costs.

Justice Coleman dissented. She wrote that the adoption of a schedule of fines for those who choose to plead guilty of a traffic

REFERENCE FOR POINTS IN HEADNOTES
[1–4] 7 Am Jur 2d, Automobiles and Highway Traffic § 168 *et seq.*

violation is not a judicial declaration against individualized punishment after trial. Instead, it is a method by which courts can efficiently dispose of and control great volumes of uncontested traffic violations. The public interest in and the Legislature's concern for highway safety militate against an interpretation of the statute which takes away from the judge all discretion to sentence the multiple offender more severely than the first offender after trial. State and Federal courts have recognized the constitutionality of offering to a defendant a benefit to avoid full trial. Here all agree that the trial judge rendered a sentence within the statutory limits and not unreasonable. No constitutional right was violated.

70 Mich App 664; 247 NW2d 325 (1976) reversed.

OPINION OF THE COURT

1. FINES—TRAFFIC OFFENSES—ORDINANCES—VIOLATIONS BUREAU—
   PLEA OF GUILTY.

   The adoption of a scheduled fine system upon pleas of guilty of certain traffic offenses in a traffic violations bureau is a judicial declaration that individualized punishment for the traffic offenses covered by the bureau's schedule is neither required nor permitted; the practice of individualizing punishment for traffic offenses covered by the schedule of fines might result in a defendant being penalized for exercising the right to trial (MCL 600.8391; MSA 27A.8391; Pontiac city ordinances, No 926).

DISSENTING OPINION BY COLEMAN, J.

2. FINES—TRAFFIC OFFENSES—ORDINANCES—VIOLATIONS.

   *The adoption of a schedule of fines for those who choose to plead guilty of a traffic violation is not a judicial declaration against individualized punishment after trial; instead, it is a method by which courts can efficiently dispose of and control great volumes of uncontested traffic violations (MCL 600.8391; MSA 27A.8391; DCR 2003.9).*

3. FINES—TRAFFIC OFFENSES—ORDINANCES—VIOLATIONS.

   *The public interest in highway safety and the Legislature's concern for it militate against an interpretation of the statute permitting a district court to establish a traffic violations bureau which takes away from the judge all discretion to sentence the multiple offender more severely than the first offender after trial (MCL 600.8391; MSA 27A.8391; DCR 2003.9).*

4. FINES—TRAFFIC OFFENSES—ORDINANCES—VIOLATIONS—CONSTITU-
   TIONAL LAW.
   *No constitutional right was violated where a district court ren-
   dered a sentence of a jail term and a fine after trial for a traffic
   violation which was within the statutory limits and not unrea-
   sonable although the scheduled fine upon a plea of guilty of the
   offense in a traffic violations bureau would have been less than
   the fine imposed and would not have included a jail term (MCL
   600.8391; MSA 27A.8391; DCR 2003.9).*

*Alger H. Strom,* Deputy City Attorney, for the
plaintiff City of Pontiac.

Robert G. Courts, Jr., *in propria persona.*

PER CURIAM. Defendant alleges on appeal that
the sentence imposed as a result of his conviction
for operating a motor vehicle without a certificate
of registration in his possession, following a bench
trial, was invalid to the extent that it exceeded the
sentence that would have been imposed had the
defendant pled guilty. The Court of Appeals af-
firmed his conviction, holding that the district
court had power to individualize punishment even
though the offense was covered by a schedule of
fines. 70 Mich App 664; 247 NW2d 325 (1976). We
disagree.

The parties have stipulated to the underlying
facts of this case.

Defendant was charged with operating a motor
vehicle without a certificate of registration in his
possession. He was convicted on November 8, 1974,
following a non-jury trial before the Fiftieth Dis-
trict Court bench. At the conclusion of the trial
and the rendering of the verdict, defendant was
sentenced to a jail term of 30 days and a fine of
$100 plus court costs of $150 and a judgment fee of
$4. The sentence provided, further, that defend-
ant's failure to pay the fine and costs by the
expiration of his 30-day jail sentence would subject

him to further confinement for a period not to exceed an additional 30 days.

Pursuant to statute[1] and court rule,[2] the Fiftieth District Court had established a Traffic Court Violations Bureau. The bureau may accept guilty pleas to various minor traffic offenses, including the instant offense of operating a motor vehicle without a certificate of registration in possession.

Under the schedule of fines established by the Fiftieth District Court as required by the statute and the court rule, a defendant who pled guilty to the instant charge by appearing at the bureau would only be assessed a $15 fine.

Although conceding the validity of his conviction, defendant challenged the sentence imposed in an appeal to the Sixth Judicial Circuit Court. He alleged that it was invalid to the extent that the sentence exceeded the imposition of a $15 fine. That court affirmed defendant's sentence, as did the Court of Appeals.

The parties have further stipulated that defendant's record of traffic offenses is such that the sentence imposed by the trial judge, in the absence

---

[1] MCLA 600.8391; MSA 27A.8391 provides:

"With the approval of the governing body of a district control unit, the district court may establish within the court a traffic bureau which may be administered by clerks or other personnel of the district court to accept pleas of guilty for such traffic offenses as authorized by the judges of the district court, when the maximum permissible punishment thereunder does not exceed 90 days in jail or a fine of not more than $100.00, or both, except for violations of sections 625, 625b, 626, 626b and 904 of Act No. 300 of the Public Acts of 1949, as amended, being sections 257.625, 257.625b, 257.626, 257.626b and 257.904 of the Compiled Laws of 1948, or a local ordinance corresponding thereto, and collect fines and costs as prescribed by the judges of the district. The presiding judge of the district, subject to the supervision of the supreme court, shall have authority over the personnel and determine the location and number of traffic bureau offices. Appeals as of right may be taken from the traffic bureau to the district court. Appeals shall be taken within 10 days of the entry of the guilty plea and shall be heard de novo."

[2] DCR 2003.9.

of the existence of a Traffic Violations Bureau, would not be unreasonable or invalid.

The establishment of a Traffic Violations Bureau and a scheduled fine system creates for the traffic court defendant a circumstance different from the ordinary criminal case where the defendant is subject to the judge's sentence discretion whether he pleads guilty or is convicted after a trial. A traffic court defendant, if he pleads guilty to certain offenses within any time limits that may be prescribed therefor, can be assured that he will be fined exactly the same amount as any other person pleading guilty to the same offense no matter how disparate the prior driving records of the two defendants may be.

We note that the statute limits the use of scheduled fines to those less serious traffic offenses. For those offenses, it has apparently been decided that a pre-determined fine may be levied in every case. There need be no examination, consideration of the history of the offender, or evaluation of extenuating circumstances. There is no pretense that a scheduled fine system represents an exercise of discretion.

Our concern is that the court's practice of individualizing punishment for offenses covered by the schedule of fines may result in a defendant receiving a penalty for exercising the right to trial. Since under present doctrine there is no review of the judge's exercise of sentencing discretion, the judge may in any case in which the defendant has any prior driving record justify an increased sentence nominally because of the prior record, but in actuality as a penalty for exercising the right to trial.

We view the adoption of a scheduled fine system as a judicial declaration that individualized pun-

ishment for the offenses covered is neither required nor permitted. This holding should not be understood as establishing appellate review by this Court or the Court of Appeals of a trial court's sentencing discretion. See *People v Burton,* 396 Mich 238, 242–243; 240 NW2d 239, 241–242 (1976).

Pursuant to GCR 1963, 853.2(4), in lieu of leave to appeal, we reverse the Court of Appeals and remand the cause to the district court for modification of defendant's sentence to a fine of $15, together with such court costs as the court deems reasonable.

KAVANAGH, C. J., and WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

COLEMAN, J. *(to affirm).* On appeal, defendant concedes the validity of his conviction for operating a motor vehicle without a certificate of registration and stipulates that his record of traffic offenses is such that the sentence imposed by the trial judge would not be unreasonable or invalid. However, he contends that the district court has no power to individualize punishment after trial because it had established a Traffic Court Violations Bureau which can accept guilty pleas to certain traffic offenses and impose fines according to a schedule.[1] Because the scheduled fine upon a

---

[1] DCR 2003.9 and MCLA 600.8391; MSA 27A.8391 provides:

"With the approval of the governing body of a district control unit, the district court may establish within the court a traffic bureau which may be administered by clerks or other personnel of the district court to accept pleas of guilty for such traffic offenses as authorized by the judges of the district court, when the maximum permissible punishment thereunder does not exceed 90 days in jail or a fine of not more than $100.00, or both, except for violations of sections 625, 625b, 626, 626b and 904 of Act No. 300 of the Public Acts of 1949, as amended, being sections 257.625, 257.625b, 257.626, 257.626b and 257.904 of the Compiled Laws of 1948, or a local ordinance corresponding thereto, and collect fines and costs as prescribed by the judges of the district. The presiding judge of the

plea of guilty for this offense was $15, defendant claims that although he did not plead guilty, the court could impose no greater sentence than it would have had he pled guilty. He claims that history of traffic violations or other circumstances may not be considered in sentencing.

This Court has issued a per curiam opinion agreeing with him and reversing the circuit court and Court of Appeals.

We would affirm.

## I

As Judge BRENNAN observes in the Court of Appeals opinion:[2]

"The courts of this state have found constitutionally permissible various situations in which a defendant obtains some benefit from his decision to plead guilty and forego his constitutional right to trial."

We do not see the adoption of a schedule of fines for those who choose to plead guilty as a judicial declaration against individualized punishment after trial. Instead, it is a method by which courts can efficiently dispose of and control great volumes of uncontested traffic violations. The right to a trial remains and Mr. Courts availed himself of it.

## II

We cannot agree with an interpretation which takes from the judge all discretion to sentence the

district, subject to the supervision of the supreme court, shall have authority over the personnel and determine the location and number of traffic bureau offices. Appeals as of right may be taken from the traffic bureau to the district court. Appeals shall be taken within 10 days of the entry of the guilty plea and shall be heard de novo."

[2] 70 Mich App 664, 667–668; 247 NW2d 325 (1976).

multiple offender after trial more severely than the first offender. The public interest in highway safety and the Legislature's constant concern for such militate against an interpretation which converts a case volume control measure into a rigid proscription upon judicial discretion after trial. We cannot attribute such a policy to the Legislature.

Indeed, we must strain the words of the statute to arrive at such a result. MCLA 600.8391; MSA 27A.8391 delineates the offenses which may be included in a traffic bureau schedule of fines, and includes those with a 90-day maximum jail term. However, the section only provides that fines and costs be collected by the non-judicial traffic bureau personnel upon a plea of guilty.

If we are to accept the per curiam interpretation, all jail sentences statutorily provided for the same offenses would be nullified because a judge after trial would be forbidden to order a jail term under any circumstances.

This defendant did *not* plead guilty. This sentence was within the limits set by the Legislature. The statute in question does not repeal those limits by permitting a process for taking guilty pleas.

Both state and Federal courts too numerous to mention have recognized the constitutionality of offering to a defendant a benefit to avoid full trial. Even in most serious crimes, a defendant may be faced with the choice of taking his chances at trial on one charge or pleading guilty to a lesser offense, often with a lesser maximum sentence provided by statute.[3]

---

[3] *See Chaffin v Stynchcombe,* 412 US 17; 93 S Ct 1977; 36 L Ed 2d 714 (1973).

### III

Appellee well states the position of the defendant:

"The thrust of [defendant's] argument in the instant appeal is that he was offered the opportunity to plead guilty in exchange for a lenient sentence, and once that offer was made, even though refused by the [defendant], it eliminated thereafter the exercise of sentencing discretion by the trial judge, no matter what the subsequent circumstances may turn out to be."

We submit that defendant's argument is not posited in any statute or in any apposite legal concept. Defendant relies upon authority which speaks to an ill not present in this case—the imposition of a harsher sentence because a constitutional right had been exercised. Here all agree that the trial judge rendered a sentence (1) within the statutory limits and (2) not unreasonable. No constitutional right was violated.

Defendant and dissenting Judge T. M. BURNS in the Court of Appeals rely most heavily upon *United States v Jackson,* 390 US 570; 88 S Ct 1209; 20 L Ed 2d 138 (1968). This reliance is unwarranted. The case concerned the constitutionality of the Federal Kidnapping Act which provided a person "shall be punished * * * by death if the kidnaped person has not been liberated unharmed, and if the verdict of the jury shall so recommend". The Court could find no discretion in the judge to set it aside or mitigate it. The jury decided whether the person lived or died. It was the necessity which the Court found offensive. It recognized the validity of statutes which provided for jury determination of sentence in capital cases

given the choice between life imprisonment and death.[4]

## IV

In summary, there is no valid reason in our statutes or in case law to overturn the trial judge's sentence. One cannot fairly ascribe to the Legislature an intent which precludes judicial consideration of any number of additional offenses and revelations at trial when the time for sentencing arrives. Nor do we believe that the Legislature intended to nullify statutory provisions for trial and sentence by permitting a system for routine guilty pleas. Neither can we fairly ascribe to any judicial precedent the notion that the choice of a trial which may bring a greater penalty than a guilty plea is therefore "chilling" of the exercise of that choice.

We would affirm.

[4] See Brady v United States, 397 US 742; 90 S Ct 1463; 25 L Ed 2d 747 (1970); Parker v North Carolina, 397 US 790; 90 S Ct 1458; 25 L Ed 2d 785 (1970), and North Carolina v Alford, 400 US 25; 91 S Ct 160; 27 L Ed 2d 162 (1970).