PEOPLE v RIVERS

Docket No. 69877. Submitted May 14, 1985, at Detroit.—Decided August 23, 1985.

Defendant, Robert J. Rivers, was convicted following a jury trial in the Recorder's Court for the City of Detroit of breaking and entering an occupied dwelling with intent to commit larceny. He was acquitted on two counts of first-degree criminal sexual conduct. Prior to trial, the trial court, John H. Gillis, Jr., offered defendant an eight-year sentence on both the criminal sexual conduct counts and the breaking and entering count. The plea offer was rejected by the defendant. Following his conviction, defendant was sentenced by the trial court to a term of from 10 to 15 years imprisonment. Defendant appealed. On appeal, the Court of Appeals granted defendant's motion to remand to the trial court to allow the defendant to move for resentencing and for the trial judge to articulate on the record the reasons for its initial sentence or, if resentencing was granted, the reason for the new sentence thereafter imposed. The Court of Appeals retained jurisdiction. On remand, the trial court denied the motion for resentencing and stated on the record its reasons for imposing the initial sentence. After remand, *held:*

1. It is not per se unconstitutional for a defendant to receive a higher sentence on a trial conviction than was promised him if he would plead guilty.

2. The record does not offer any indication that the sentencing judge imposed the stiffer sentence after trial as a penalty for the exercise of defendant's right to a jury trial.

3. The judge's explanation for the increased sentence was that he did not know the shocking facts at the time he offered the sentence bargain. The Court of Appeals stated that it was unable to discern any facts brought out at trial that were

REFERENCES

Am Jur 2d, Criminal Law §§ 525 *et seq.*

Power of court to increase severity of unlawful sentence-modern status. 28 ALR4th 147.

Power of state court, during same term, to increase severity of lawful sentence-modern status. 26 ALR4th 905.

unknown to the judge when he offered the sentence bargain and that were so shocking as to justify the increased sentence.

4. Although the sentencing judge later stated that he was not considering the rape in imposing sentence, the record comes dangerously close to suggesting that the judge sentenced defendant for a crime, rape, he did not commit.

5. Inappropriate considerations appear to have improperly affected the sentence.

Defendant's sentence is vacated and the case is remanded for resentencing by a different judge. The Court of Appeals does not retain jurisdiction.

1. CRIMINAL LAW — CONSTITUTIONAL LAW — SENTENCING.

It is not per se unconstitutional for a defendant to receive a higher sentence on a trial conviction than was promised him if he would plead guilty.

2. CRIMINAL LAW — SENTENCING — APPEAL.

Courts reserve the authority to modify a sentence where inappropriate considerations appear to have improperly affected the sentence; a defendant's sentence may be vacated and the case remanded for resentencing where it appears that the sentencing court may have sentenced defendant for a crime of which he was acquitted.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Gerald S. Surowiec,* for defendant on appeal.

Before: M. J. KELLY, P.J., and MACKENZIE and N. J. KAUFMAN,* JJ.

PER CURIAM. Defendant was convicted by a Recorder's Court of Detroit jury of breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305. He was acquitted on two counts of first-degree criminal

* Retired Court of Appeals judge, sitting on the Court of Appeals by assignment.

sexual conduct, MCL 750.520b; MSA 28.788(2). On December 15, 1982, defendant was sentenced by Judge John H. Gillis, Jr., to a term of from 10 to 15 years in prison. On appeal to this Court, a motion to remand was granted to allow the defendant to move for resentencing and for the trial judge to articulate sentencing reasons on the record pursuant to *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). This Court retained jurisdiction, and we now review defendant's sentence and the sentencing judge's denial of defendant's motion for resentencing.

Prior to trial, Judge Gillis offered defendant an eight-year sentence on both the criminal sexual conduct counts and the breaking and entering count. The plea offer was rejected by defendant on advice of defense counsel, who was convinced that defendant was not guilty of the criminal sexual conduct charges. At trial, defendant acknowledged his involvement in the breaking and entering of the home, but denied his complicity in the criminal sexual conduct offenses. Defendant testified that he and an acquaintance named Bud were drinking one night and decided to break into a home two doors away from where defendant lived. Defendant testified that Bud entered the house, but when he handed a television set to defendant, who was outside on a ladder, defendant got scared, refused to take the set and went home. Defendant contended that it must have been Bud who raped the 11-year-old girl who lived in the house and who was a victim of a criminal sexual assault that night.

A television set with defendant's fingerprints on it belonging to complainant's family was recovered in the vicinity of the abandoned home next door where the girl was assaulted after being dragged

from her bedroom. The complainant was unable to identify her assailant.

The jury found defendant not guilty of two criminal sexual conduct counts, but guilty of breaking and entering. At sentencing, the prosecutor recommended lengthy incarceration but the presentence report recommended two years probation. Defendant was already on probation for an earlier breaking and entering. Prior to imposing sentence, the judge observed "I think the jury was correct. I don't think he committed the sexual assault or I don't believe the proofs were there." The court then sentenced defendant to from 10 to 15 years in prison, commenting:

> "You were convicted by a jury of breaking and entering an occupied dwelling in the nighttime. This is one of the most serious crimes there is, to invade someone's privacy and go in a home during the night when people are sleeping. And it was clearly shown during the trial with the fingerprints produced and the ladder, etc. This is an extremely serious crime."

Despite defense counsel's strenuous objections, Judge Gillis refused to reopen the record or to modify the sentence imposed, without explanation.

Following this Court's remand for the trial court to review its sentence and articulate on the record its reasons for the sentence, Judge Gillis denied the motion for resentencing, and stated his reasons for imposing the initial sentence:

> "One is to protect society, and the other is to deter others from committing the similar offense.
>
> *  *  *
>
> "The facts in this case, this was one of the most serious B & Es that I've seen while on the bench. The complainant's home was entered by the defendant while the family was asleep. There was testimony of a

rape which the complainant, the little girl that was raped, could not identify her assailant. The defendant's fingerprints were found in numerous places around the home.

"The jury was conviced that the defendant was the person that broke and entered the home. Of couse, the court only considered the fact of the breaking and entering and not the rape. But defendants who enter homes in the evening while people, families are asleep, this is the most serious type of breaking and entering that can occur, in the complainant's own home and at nighttime. That's the reason I imposed that sentence, and that's it. So the motion for resentencing is denied."

When defense counsel requested that the court comment on the pretrial offer of concurrent sentences of from 8 to 15 years on all three counts, the court explained: "At that time I hadn't heard the shocking facts of the trial."

On appeal, defendant asserts that, based on *People v Coles, supra,* his case should be remanded to the trial court for resentencing in accordance with the sentencing guidelines. Defendant argues that the court abused its discretion in imposing a more severe sentence for a single conviction for breaking and entering than was offered before trial for the breaking and entering plus the two counts of criminal sexual conduct, as this suggests that defendant received the higher sentence as punishment for going to trial or for not admitting his guilt to the criminal sexual conduct charges on which he was acquitted. Defendant also argues that the sentence was statistically excessive, and that the presentence report recommended two years probation.

Defendant's primary argument is the one that concerns us. It is not per se unconstitutional for a defendant to receive a higher sentence on a trial conviction than was promised him if he would

plead guilty. While confronting a defendant with the risk of more serious punishment may discourage defendant's assertion of his constitutional right to trial by jury, the imposition of these difficult choices is an inevitable and permissible attribute of a system that tolerates plea negotiation. *Bordenkircher v Hayes,* 434 US 357; 98 S Ct 663; 54 L Ed 2d 604 (1978), *reh den* 435 US 918; 98 S Ct 1477; 55 L Ed 2d 511 (1978). Nevertheless, courts have vacated sentences which were higher than what was promised if defendant pled guilty where the record supported any inference that the higher sentence was based on defendant's decision to go to trial rather than to plead guilty. See Anno: *Propriety of sentencing justice's consideration of defendant's failure or refusal to accept plea bargain,* 100 ALR3d 834. The record before us, however, does not offer any indication that the sentencing judge imposed the stiffer sentence after trial as a penalty for the exercise of defendant's right to a jury trial. *People v Morris,* 99 Mich App 98, 101-102; 297 NW2d 623 (1980). Rather, since the judge offered a different reason for the increased sentence, we will not assume that the sentence imposed was a punishment for defendant's exerise of his constitutional right to trial. *Cf., People v Courts,* 401 Mich 57; 257 NW2d 101 (1977); *People v Snow,* 386 Mich 586; 194 NW2d 314 (1972).

The judge's explanation for the increased sentence was that he did not know "the shocking facts" at the time he offered the sentence bargain. We are unable to discern any facts brought out at trial that were unknown to the judge when he offered his sentence bargain and that were so shocking as to justify the increased sentence. The facts at trial supporting defendant's conviction were that he placed a ladder against his neighbors'

house at night while they were sleeping and opened a rear window. What made the incident shocking was the abduction and rape of the 11-year-old occupant of the house—a crime of which defendant was acquitted.

In articulating his reasons for the sentence on remand, the judge stated that defendant's fingerprints were found in numerous places around the home. In fact, the only testimony as to defendant's fingerprints concerned the print found on the windowsill and the print found on the television set. The judge also mentioned the fact that the girl was raped and could not identify her assailant. Although the judge later stated that he was not considering the rape in imposing sentence, the record comes dangerously close to suggesting that the judge sentenced defendant for a crime—rape—he did not commit.

Courts reserve the authority to modify a sentence where inappropriate considerations appear to have improperly affected the sentence. *People v Lee,* 391 Mich 618, 638; 218 NW2d 655 (1974). Both this Court and the Supreme Court have vacated a defendant's sentence and remanded for resentencing where the trial court made an independent finding of defendant's guilt on another charge. *People v Grimmett,* 388 Mich 590, 608; 202 NW2d 278 (1972); *People v Carter,* 128 Mich App 541, 550-551; 341 NW2d 128 (1983). In *Carter,* as in the instant case, defendant was acquitted of the criminal sexual conduct charges, but the court in imposing sentence spoke as if defendant had assisted in committing the criminal sexual conduct.

Therefore, we vacate defendant's sentence and remand the case for resentencing by a different judge.

We do not retain jurisdiction.