PEOPLE v SICKLES

Docket No. 91055. Submitted January 14, 1987, at Detroit. Decided
August 17, 1987. Leave to appeal applied for.

William Sickles was arraigned on May 17, 1982, on a charge of
embezzlement of over $100 by an agent pursuant to a com-
plaint and warrant issued on May 14, 1982. Defendant pled not
guilty and was released on a personal recognizance bond. On
September 16, 1982, defendant was bound over for trial in
Macomb Circuit Court, where on October 20, 1982, he waived
arraignment. Trial originally set for January 13, 1983, was
adjourned and reset nine times until, on January 23, 1985,
defendant pled nolo contendere to a reduced charge of at-
tempted embezzlement of over $100. The plea was conditioned
on defendant's ability to make restitution of $100,000 within
sixty days. On April 16, 1985, defendant withdrew his plea, the
original information was reinstated, and trial was set for July
23, 1985. Trial was twice adjourned until, on October 24, 1985,
forty-one months and ten days after the issuance of the war-
rant, defendant pled nolo contendere to the original charge.
The trial court, Raymond R. Cashen, J., sentenced defendant to
three years' probation, with the first nine months in the county
jail, and ordered defendant to pay $100,000 in restitution over
the term of probation. Appellate counsel was appointed for
defendant, but a motion to continue the personal recognizance
bond was denied by the trial court. Defendant was unable to
post the $5,000 cash or surety bond which was ordered. An
appeal was taken to the Court of Appeals on the issue of bond.
The Court of Appeals denied relief. Defendant renewed his
motion to be released on his own recognizance in the trial court
while appeal was pending, this time arguing that he had
already served six of the nine months ordered and that he was
denied effective assistance of trial counsel for that counsel's
failure to raise a claim of lack of speedy trial. The trial court
denied the motion and defendant appealed to the Court of

REFERENCES

Am Jur 2d, Criminal Law §§ 572, 652 et seq.; 849 et seq.

Accused's right to speedy trial under Federal Constitution—Su-
preme Court cases. 21 L Ed 2d 905.

Appeals, which ordered a remand for an evidentiary hearing regarding defendant's claim of lack of a speedy trial. In addition to the claims of lack of a speedy trial and ineffective assistance of counsel, defendant also claimed on appeal that the trial court erred in sentencing by failing to inquire into his ability to make restitution, ordering restitution in excess of the amount established as embezzled by the facts adduced at the plea hearing, and improperly considering the withdrawal of defendant's initial plea.

The Court of Appeals *held:*

1. Delay in this case is largely attributable to the unavailability of defendant's counsel for trial and to defendant's repeated and unsuccessful efforts to obtain funds with which to make restitution.

2. While defendant's failure to raise the issue of lack of a speedy trial at the trial court level did not result in a waiver of that claim on appeal, it weighed heavily against a finding that his right to a speedy trial was violated.

3. Defendant was out on bond throughout the period from arraignment to sentencing. Thus, no prejudice to his person resulted from the delay. Additionally, defendant claimed no impairment of his defense attributable to the delay.

4. The prosecution, for the reasons stated above, has rebutted the presumption of prejudice to defendant imposed where delay between arrest and trial or plea exceeds eighteen months.

5. Defendant was not denied effective assistance of trial counsel under either the Michigan or United States Constitutions. Counsel's failure to raise a claim of lack of a speedy trial did not constitute ineffective assistance because the claim is invalid. No fault can be attributed to counsel regarding defendant's withdrawal of the initial plea to the lesser charge since withdrawal of that plea was caused by defendant's inability to make restitution under the terms of the plea agreement. The choice to subsequently plead to the original charge was made by defendant. Counsel's failure to object to the sentence imposed did not constitute ineffective assistance in view of the magnitude of the embezzled amount and the from six to ten years prison term provided by statute for felony embezzlement by an agent.

6. The trial court made no errors at sentencing. The court made a sufficient inquiry into defendant's ability to make restitution over the term of probation since the presentence reports prepared subsequent to defendant's initial plea and second plea indicated defendant would be able to pay as ordered. The amount of restitution ordered by the trial court was

supported by facts adduced at the plea hearings, statements contained in the presentence reports, and the trial court record on remand. Finally, the record did not support defendant's claim that nine months, as opposed to six months, of jail time was imposed in retaliation for withdrawal of defendant's initial plea.

Affirmed.

1. Criminal Law — Speedy Trial — Nolo Contendere Pleas.

A criminal defendant who pleads nolo contendere does not waive his right to claim on appeal that he was denied his constitutional right to a speedy trial since a speedy trial claim relates to the state's right to bring the defendant to trial, and not to the state's ability to prove the defendant's factual guilt.

2. Criminal Law — Speedy Trial.

The determination whether a defendant was denied his constitutional right to a speedy trial involves inquiry as to: (1) the length of the delay, (2) the reason for the delay, (3) whether the defendant had asserted his right to a speedy trial, and (4) whether the delay resulted in prejudice to the defendant.

3. Criminal Law — Speedy Trial.

A delay of eighteen months in bringing a defendant to trial gives rise to a presumption of prejudice to the defendant and the prosecution bears the burden of proving that the defendant has not been prejudiced.

4. Criminal Law — Speedy Trial.

Delays inherent in the court system such as docket congestion, while attributable to the prosecution, have a neutral tint and should be given only minimal weight in determining whether a defendant's right to a speedy trial has been violated.

5. Criminal Law — Speedy Trial.

Failure of a defendant to assert his right to a speedy trial is not an automatic waiver of the right but weighs heavily against a finding that the right to a speedy trial has been violated.

6. Criminal Law — Speedy Trial.

There are two types of prejudice which a defendant in a criminal case may experience as a result of delay in his trial, prejudice to his person due to incarceration and prejudice to his defense such as the unavailability of witnesses or the impairment of being unable to adequately prepare his defense.

7. Criminal Law — Sentencing — Restitution — Probation.

A trial court, in imposing restitution as a condition of a sentence

of probation, satisfies its obligation of inquiry into whether the defendant is able to pay restitution during the period of probation where statements made by the defendant as reflected in his presentence report indicate that the defendant would be able to pay as ordered (MCL 771.3[5][a]; MSA 28.1133[5][a]).

8. CRIMINAL LAW — SENTENCING — APPEAL.

An appellate court, when reviewing a defendant's claim that the trial court imposed a longer sentence in retaliation for the defendant's withdrawal of an earlier plea, will not conclude as urged by the defendant where the trial court offered a reason for the sentence imposed.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Carl J. Marlinga,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *Edward L. Graham,* Assistant Prosecuting Attorney, for the people.

*Thomas J. Fillion,* for defendant on appeal.

Before: R. M. MAHER, P.J., and SHEPHERD and G. S. ALLEN, JR.,* JJ.

G. S. ALLEN, J. Defendant appeals from his October 24, 1985, plea of no contest to embezzlement of over $100 by an agent, MCL 750.174; MSA 28.371. We affirm, finding no error on the three issues raised on appeal.

Defendant was allegedly involved in a series of embezzlements from 1976 to 1980 while he was chief financial officer of the Interstate Equipment Company. The amount involved apparently was at least $100,000 and may have been as much as $250,000. An arrest warrant for embezzlement of over $100 by an agent was issued on May 14, 1982. Defendant was released on a $25,000 personal recognizance bond three days later, and an attorney was appointed for him. A different attorney

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

was appointed on July 15, 1982, although that attorney's partner began representing defendant sometime in 1983.

Defendant was bound over to circuit court on September 16, 1982, and waived arraignment on October 20, 1982. Trial was set for January 13, 1983, but was adjourned by stipulation since defendant's attorney was to be out of the country. A second adjournment was stipulated to on April 27, 1983, when defendant's counsel was engaged in another trial. Seven more delays followed until finally January 23, 1985, was set as a date certain for trial. On that date, defendant pled no contest to a reduced charge of attempted embezzlement of over $100, which plea was to be accepted if defendant made restitution of $100,000 within sixty days. However, on April 16, 1985, defendant withdrew his plea, the original information was reinstated, and July 23, 1985, was set as the date certain for trial.

However, on July 19, 1985, trial was adjourned because several witnesses were out of town, and was again adjourned on September 5, 1985, because of the hospitalization of defense counsel. On October 24, 1985—forty-one months and ten days after the issuance of the warrant—defendant pled nolo contendere to the original charge. Throughout this extended period defendant was out on personal recognizance bond.

On January 3, 1986, defendant was sentenced to three years' probation, the first nine months to be spent in the Macomb County Jail, and was ordered to pay $100,000 in restitution during the period of probation. The minimum recommended by the sentencing guidelines for the offense was zero to six months. The court departed from this recommendation because the amount embezzled was greatly in excess of $100,000.

On February 19, 1986, Attorney Thomas Fillion was appointed counsel for defendant for the purpose of appeal to the Court of Appeals. On March 3, 1986, defense counsel's motion to continue the $25,000 personal recognizance bond was denied and in lieu thereof a $5,000 cash or surety bond was ordered. Defendant was unable to furnish bond and appeal on the issue of the bond was taken to this Court which, on April 8, 1986, entered an order denying relief.

On April 16, 1986, defense counsel moved in the trial court to release defendant on his own recognizance pending disposition of his appeal in this Court. In support of the motion, counsel asserted that as of April 24, 1986, defendant would have served six months of the nine-month jail sentence imposed and that defendant was denied effective assistance of counsel for failure to assert lack of speedy trial. When the motion was denied by the trial court on April 28, 1986, appeal was taken on the issue to this Court which, on May 2, 1986, entered an order remanding the matter to the trial court "for the purpose of holding an evidentiary hearing on the assertion that the defendant was denied the effective assistance of counsel. *People v Ginther,* 390 Mich 436 [212 NW2d 922] (1973); *People v Johnson,* 413 Mich 487 [320 NW2d 876] (1982)."

The evidentiary hearing was held June 30, 1986. At the hearing, defendant's trial attorney, Daniel Ryan, testified at length. He stated that he represented defendant from 1983 to the final plea-taking on October 24, 1985, and sentencing on January 3, 1986. He explained that defendant's first, appointed trial attorney, Wesley Watson, turned the case over to him in the spring of 1983 when Watson left Michigan to practice law in the State of Washington. The bulk of Ryan's testimony was

that he did not raise the issue of lack of speedy trial because delay was caused by defendant's adjournments to arrange payment in the amount of $100,000. He testified that if restitution was made, the case would be dismissed. He further stated that the charge against defendant involved approximately $250,000 and that the civil case against defendant resulted in a consent judgment in the amount of $100,000 and that before Watson left he had worked out a plea agreement to have the case dismissed if $100,000 in restitution was made by defendant. No other witnesses were called to testify and the hearing was concluded with all parties construing the order of remand as requiring no findings of fact by the trial court.[1]

I

SPEEDY TRIAL

Defendant first argues that he was denied his constitutional right to a speedy trial. Citing *People v Parshay,* 104 Mich App 411; 304 NW2d 593 (1981), the prosecution responds that a plea of nolo contendere waives a speedy trial claim. This Court has split on the question whether a speedy trial claim is waived by a plea. Compare *Parshay* and *People v Williams,* 145 Mich App 614; 378 NW2d 769 (1985), which held that the claim is waived, with *People v Davis,* 123 Mich App 553; 332 NW2d 606 (1983), *People v Farmer,* 127 Mich App 472; 339 NW2d 218 (1983), and *People v Wolak,* 153 Mich App 60; 395 NW2d 240 (1986), which held that the claim is not waived. This split was re-

---

[1] *The Court:* All right. You propose to call a witness to the stand? My only function is to preside over a record which is to be transcribed and forwarded to the Court of Appeals: Is that your understanding?

*Mr. Fillion:* That's my understanding also.

*The Court:* Make your record.

cently resolved by our Supreme Court in *People v New,* 427 Mich 482; 398 NW2d 358 (1986). That case involved the question whether a defendant, after pleading guilty or nolo contendere, may raise as error on appeal the denial of a motion to supress evidence or the denial of a motion to quash, because of insufficient evidence at the preliminary examination. In both instances the trial court and the Court of Appeals had held that by their pleas each defendant had waived the right to appeal the issue. The Supreme Court affirmed stating at page 491:

> Today, we hold that a defendant, after pleading guilty, may raise on appeal only those defenses and rights which would prelude the state from obtaining a valid conviction against the defendant. Such rights and defenses "reach beyond the factual determination of defendant's guilt and implicate the very *authority* of the state to bring a defendant to trial . . . ." [*People v White,* 411 Mich 366, 398; 308 NW2d 128 (1981)] (MOODY, J., concurring in part and dissenting in part.) In such cases, the state has no legitimate interest in securing a conviction. On the other hand, where the defense or right asserted by defendant relates solely to the capacity of the state to prove defendant's factual guilt, it is subsumed by defendant's guilty plea.

Although *New* did not involve a speedy trial claim and made no reference to this Court's split of opinion on that issue, we believe that the *New* rationale if applied to a speedy trial claim leads to the conclusion that a plea of nolo contendere does not waive the issue of lack of a speedy trial. Speedy trial issues do not relate to the state's capacity to prove a defendant's factual guilt but instead go more to the state's right to ultimately

bring a defendant to trial. Accordingly, we address the speedy trial issue on its merits.

Under the standard of review laid down by the United States Supreme Court in *Barker v Wingo,* 407 US 514, 530; 92 S Ct 2182; 33 L Ed 2d 101 (1972), and subsequently adopted by Michigan in *People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972), and *People v Matlock,* 153 Mich App 171, 175; 395 NW2d 274 (1986), the balancing of four factors is required in order to determine whether a defendant has been denied his constitutional right to a speedy trial: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his rights; and (4) prejudice to the defendant.

The circuit court file discloses the following relevant chronology:

| | |
|---|---|
| May 14, 1982 | Warrant authorized. |
| May 17, 1982 | Defendant released on $25,000 personal recognizance bond. |
| May 18, 1982 | Cynthia Boyer appointed defense counsel. |
| July 15, 1982 | Wesley Watson appointed defense counsel. |
| September 16, 1982 | Preliminary examination held and defendant bound over to circuit court. |
| October 20, 1982 | Defendant waived arraignment in circuit court and bond continued. |
| January 10, 1983 | Trial set for 1-13-83 adjourned over term by defendant since defense attorney will be out of the country (#1 adjournment). |
| April 27, 1983 | Trial set for 5-5-83 adjourned over term due to defense counsel being involved in trial in St. Clair County (#2 adjournment). |
| July 1, 1983 | Trial adjourned over term by |

|  | defendant to try to raise restitution (#3 adjournment). |
|---|---|
| November 2, 1983 | Trial adjourned by defendant to try to raise restitution (#4 adjournment). |
| December 14, 1983 | Adjourned over term. No objection. Restitution (#5 adjournment). |
| April 4, 1984 | Trial adjourned to next criminal call for trial due to unavailability of court—in trial (#6 adjournment). |
| June 6, 1984 | Trial adjourned over term by defendant due to his defense attorney's mother having a stroke (#7 adjournment). |
| September 21, 1984 | Trial adjourned, defense attorney's motion to withdraw is denied (#8 adjournment). |
| November 21, 1984 | Adjourn trial to 1-23-85 date certain for jury trial (#9 adjournment). |
| January 23, 1985 | Plea to attempted embezzlement over $100 entered. |
| April 16, 1985 | Defendant withdraws plea. |
| June 25, 1985 | Trial court sets date certain of 7-23-85. |
| July 19, 1985 | 7-23-85 trial date adjourned. Several witnesses out of town. No objection by defense (#10 adjournment). |
| September 5, 1985 | Trial adjourned over term. Defense attorney in hospital (#11 adjournment). |
| October 24, 1985 | Defendant pleads no contest to the principal charge. |
| January 3, 1986 | Defendant sentenced. |

We next apply the above chronology to the four-factor standard of review in *Grimmett* and *Matlock, supra,* to determine whether defendant was denied a speedy trial.

*Length of Delay:* The total delay between issuance of the warrant on May 14, 1982, and defendant's initial plea on January 23, 1985, was thirty-two months and nine days. Total delay between issuance of the warrant and defendant's second plea on October 24, 1985, was forty-one months and ten days. A delay in excess of eighteen months triggers examination of the other three factors to determine whether the delay was prejudicial to the defendant, *People v Missouri,* 100 Mich App 310, 320; 299 NW2d 346 (1980), and shifts the burden of proving lack of prejudice to the prosecution, *People v Ross,* 145 Mich App 483, 491; 378 NW2d 517 (1985).

*Reason for Delay:* Until the first trial date was set for January 10, 1983, no delay in proceedings had occurred. Prior to that time the case had moved along with dispatch and defendant was on bail. However, between January 10, 1983, and defendant's first plea, nine requests for adjournment were made. The first four adjournments were made by defendant and are clearly attributable to defendant. On December 14, 1983, a fifth request for adjournment was made. The disposition form of the circuit court for this adjournment, unlike the form used in the four preceding motions, does not clearly assign which party made the request. The form simply states "Adjourned over term. No objection. Restitution."

Defendant argues that adjournment No. 5 is attributable to the prosecution since the disposition form does not specifically indicate that defense counsel agreed to or consented to the delay as was clearly the case in the first four adjournments. We disagree. The form specifically states "No objection." Further, any ambiguity on this question is resolved in the transcript of the hearing on remand in the trial court. There defen-

dant's attorney, Dan Ryan, testified he was acting as counsel for defendant when the motions for adjournment were made and that they were made at his client's request so that he could obtain money for restitution:

> This matter was delayed all of those years for the benefit of Mr. Sickles to come up with the money. The money was always just around the corner.
>
> Mr. Sickles would advise me in effect the checks were in the mail, finances had to be arranged and based on that this matter kept going—getting adjourned. We worked with the adjournment to secure the necessary time for Mr. Sickles. Everytime—I shouldn't say everytime—many times that we came to trial Mr. Sickels [sic] would advise me that the financing—his ability to secure the $100,-000 which would result in dismissal of the charges was right around the corner, sometime within hours. We would adjourn in order for him to afford the time to get the money with the understanding if he ever made restitution of the $100,000, which was a consent judgment he had entered into with Mr. Lynch, that the matter would be dismissed.
>
> The delay in the trial was the result of Mr. Sickles not the prosecutor so if I am in error so be it.

Delay of trial caused by adjournments No. 7 and No. 8 is clearly attributable to defendant. Delay resulting from adjournments No. 6 and No. 9 is chargeable to the prosecution. Thus, in the period of twenty-four months and thirteen days between January 10, 1983, and January 23, 1985, when defendant entered his first plea, seven adjournments encompassing twenty months and ten days are attributable to defendant and two adjournments comprising four months and three days are chargeable to the prosecution.

Similarly, when we look to the reasons for the nine-month-and-one-day delay between defendant's first and second plea, we find that virtually the entirety of the delay was due to defendant's own action in withdrawing his plea on April 16, 1985. The amended information was struck, the original information was reinstated and on June 25, 1985, the court ordered July 27, 1985, as a date certain for trial. On July 19, 1985, adjournment No. 11 was granted due to the absence from town of several witnesses. While arguably the prosecution might have moved more quickly than June 25 in setting a date certain for trial, it is not chargeable for delay of trial because witnesses were unavailable. *Barker, supra,* 530-531. Also, while delays inherent in the court system, such as docket congestion, the filing of and responding to motions, and the amendment of pleadings, are technically attributable to the prosecution, they are ascribed a neutral tint and are given only minimal weight in determining whether the right to a speedy trial has been violated. *People v Goode,* 106 Mich App 129, 132-133; 308 NW2d 448 (1981). Thereafter, adjournment No. 11 was granted because of defense counsel's hospitalization.

*Defendant's Assertion of Rights:* The record reflects that the defendant never asserted his rights to a speedy trial at the trial court level. Failure to assert this right is not an automatic waiver of the right, but does weigh heavily against a finding that the right has been violated. *People v Harris,* 110 Mich App 636; 313 NW2d 354 (1981); *People v Collins,* 388 Mich 680, 693-694; 202 NW2d 769 (1972); *Williams, supra.* In fact, the testimony of defendant's own attorney at the hearing on remand indicates that defendant preferred not to assert the right, but instead requested adjournment so that restitution funds could be found.

*Prejudice to the Defendant:* The fourth balancing factor under the *Wingo-Matlock* test is the degree of prejudice to defendant flowing from the delay in trial. A defendant may suffer two types of prejudice: prejudice to defendant's person due to incarceration itself and prejudice to defendant's defense such as the unavailability of witnesses or the impairment of being unable to adequately prepare one's defense. *People v Chism,* 390 Mich 104, 114; 211 NW2d 193 (1973). Impairment of defense is the most serious. *Grimmett, supra; People v Carner,* 117 Mich App 560, 578; 324 NW2d 78 (1982).

Since defendant was out on bond on his own recognizance throughout the entire circuit court proceedings, we find little or no prejudice to defendant's person. Except for a general allegation that the pending charges made it impossible for him to obtain employment and generally disrupted his normal lifestyle, defendant's brief makes no claim of prejudice to his ability to defend against the charges against him. Furthermore, as is evidenced by the testimony on remand, it was defendant himself who sought and obtained repeated delays of trial. Indeed, the instant situation is similar to *People v Rosengren,* 159 Mich App 492; 407 NW2d 391 (1987), where a delay of more than forty-three months from arrest to trial was held not prejudicial to defendant even though in the fourteen-month period preceding trial defendant moved to dismiss for want of a speedy trial. There, as in the instant case, the record indicated that for much of the time period involved defendant did not want a speedy trial and the balance of the delay period was due to neutral factors.

> If the failure to assert the right to a speedy trial is weighed heavily against a subsequent claim of

denial thereof, so too must the conduct of an accused inconsistent with and evidencing the insincerity of the claim which he has made. Defendant cannot have it both ways. [159 Mich App 508.]

*Four-Factor Balance:* Upon balance, the people have carried the burden of rebutting the presumption of prejudice to defendant imposed when delay between arrest and final plea or trial exceeds eighteen months. Under factor one, proceedings progressed with normal dispatch until January 19, 1983—a period almost eight months after issuance of summons. Such delay as occurred was entirely attributable to neutral causes which are given only nominal weight against the prosecution. Under factor two, of the 24½-month delay between January 10, 1983, and defendant's first plea, twenty months is attributable to defendant and two adjournments of four months are attributable to the prosecution but for reasons which are ascribed only nominal weight. Virtually all of the nine-month period between pleas is attributable to defendant's withdrawal of his first plea, or his counsel's hospitalization, or neutral reasons such as the absence of witnesses. Under factor three, defendant never requested a speedy trial and in the period ensuing after a trial date was first set, repeatedly requested delay in trial. Finally, under factor one, defendant remained on a personal recognizance bond and he raises no claim regarding the most serious form of prejudice, viz., impairment of defense.

We reject any claim that the prosecution has failed to rebut the presumption of prejudice. On the contrary, the prosecution's brief discusses each of the four factors at length. Any conclusion that the presumed prejudice to defendant is "unrebut-

ted" is totally at variance with the prosecution's brief and with the testimony adduced at the hearing on remand. Clearly, when the presumed prejudice is balanced with the four factors, the balance overwhelmingly weighs in the prosecution's favor.

## II

### INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that he was denied effective assistance of counsel under both Const 1963, art I, § 17 and the Sixth and Fourteenth Amendments to the United States Constitution. Claims of ineffective assistance of counsel under the Michigan Constitution are judged under the bifurcated test set forth in *People v Garcia,* 398 Mich 250, 264; 247 NW2d 547 (1976). Violations under the United States Constitution are judged under guidelines set forth in *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). See *People v White,* 142 Mich App 581, 587-588; 370 NW2d 405 (1985); *People v Vicuna,* 141 Mich App 486, 497-498; 367 NW2d 887 (1985). We find no violation under either test.

It is first claimed that effective assistance of counsel was denied because of counsel's failure to file a motion to dismiss for lack of a speedy trial. However, since in Issue I we have found no violation of defendant's right to a speedy trial, perforce we find no violation for failure to move for dismissal.

It is next claimed that effective assistance of counsel was denied because of counsel's failure to negotiate a plea more favorable than the offense originally charged. However, a more favorable plea was negotiated on January 23, 1985, when defendant pled no contest to a reduced charge of attempted embezzlement by an agent of money

over $100 in value. If defendant had made restitution in sixty days the charge would have been dismissed. Just why defendant subsequently withdrew his plea was not made clear in the testimony at the hearing on remand. Presumably it was because defendant could not make the $100,000 restitution within the time assigned. In the absence of something in the record to disclose that counsel was to blame for withdrawal of the plea, fault cannot be attributed to counsel. Having withdrawn his first plea, defendant was faced with the alternative of going to trial on the original charge or pleading thereto. Defendant chose to plead. Given these circumstances, we are unable to fault trial counsel.

The third ground of defendant's ineffective assistance of counsel claim is counsel's failure to object to the sentence imposed. Given the magnitude of the larceny involved, counsel performed admirably in keeping the sentence to three years' probation with only nine months in the county jail. Under the statute, defendant could have been sentenced to from six years to ten years in prison.

III

ERRORS BY TRIAL COURT UPON SENTENCING

Finally, defendant asserts a tripartite claim of error by the trial court in imposing sentence: (A) failure to inquire into defendant's ability to make restitution of $100,000 as required by MCL 771.3(5)(a); MSA 28.1133(5)(a); (B) ordering restitution in excess of the amount established by facts adduced at the plea hearing; and (C) improper consideration of defendant's disavowance of his earlier plea.

A

MCL 771.3(5)(a); MSA 28.1133(5)(a), as amended by 1980 PA 514, provides:

> If the court imposes restitution or costs as part of a sentence of probation, the following shall apply:
> (a) The court shall not require a probationer to pay restitution or costs unless the probationer is or will be able to pay them during the term of probation. In determining the amount and method of payment of restitution and costs, the court shall take into account the financial resources of the probationer and the nature of the burden that payment of restitution or costs will impose, with due regard to his or her other obligations.

The sentencing transcript discloses no findings by the trial court concerning defendant's ability to pay $100,000 in restitution. Citing *People v Gleason,* 139 Mich App 445, 448; 363 NW2d 3 (1984), *People v Blaney,* 139 Mich App 694, 695; 363 NW2d 13 (1984), and *People v Goodchild,* 145 Mich App 266, 267; 377 NW2d 318 (1985), defendant claims error requiring reversal. We disagree on two grounds.

While the trial court made no express findings on the record that defendant had the ability to pay $100,000 in restitution, the record before the court at the time of sentencing contained facts indicative of defendant's ability to make such payment. This is unlike the situations in *Gleason, Blaney,* and *Goodchild.* Page 4 of the initial presentence report contains the following:

> ECONOMIC SITUATION:
> The defendant states that his *only significant asset currently is the resort property in the Upper Peninsula with an estimated worth of $800,000, of*

*which he owes approximately $300,000.* William states that he is in the final processing of mortgaging the property to pay his debts. He [sic] long range plans are to move to the Upper Peninsula and operate the resort.

He indicated that all of his other properties and values have been "depleted." [Emphasis supplied.]

A second presentence report updated for use at defendant's second plea contained the following:

At the time of our last interview with Mr. Sickles on 11-6-85, *he informed me that the mortgage commitment of his northern property should be closed within the next 30 days.* We have not heard if this has, in fact, occurred.

Mr. Sickles has secured employment since the original Presentence Report was completed on 4-9-85. He is currently employed for the Johnson International Corporation of 16478 Common road [sic] in Roseville, Michigan. The defendant is a sales representative for a corporation that manufactures parts for the aerospace industries. The offender has not had any further involvements with the law and there are no significant changes in the Presentence Report. [Emphasis supplied.]

Thus, it is clear that the court had before it at the time of sentencing facts upon which the court could reasonably conclude defendant could reasonably make restitution within the three-year probationary period.

A second ground for finding no error for lack of findings concerning defendant's ability to pay is this Court's opinion in *People v Music,* 157 Mich App 375, 379-380; 403 NW2d 143 (1987), which disagreed with prior panels in *Gleason, Blaney* and *Goodchild:*

Unlike the above panels of this Court, we do not believe the amended statute contains an express

requirement that the sentencing court hold a hearing or make findings on the record before imposing costs as a condition of probation. The terms of MCL 771.3; MSA 28.1133 constitute the law, which courts are obligated to follow. Implicitly, then, the requirements of the statute will be contained in probation orders. Reading the instant order and the requirements of the statute together leads to the conclusion that these are appropriate costs, determined by the court in accordance with the statute. This does not preclude a defendant from objecting at sentencing to a probation condition imposing costs or restitution because of inability to pay or other proper grounds. In the face of a defendant's alleged inability to pay, we believe a court should be required to make a determination on the record, holding a hearing if necessary. *We also note that a defendant not in wilful default may always petition the sentencing court for a review of the payment provision.* MCL 771.3(5)(b); MSA 28.1133(5)(b). Moreover, a defendant cannot be held to have violated probation if unable to comply with the order to pay costs or restitution because of financial condition. MCL 771.3(7); MSA 28.1133(7). [Emphasis supplied.]

Under *Music,* the proper remedy is not for relief at the appellate level but, instead, for defendant to petition the sentencing court for a review of defendant's ability to pay in accordance with the restitution provision.

## B

Citing excerpts from the plea-taking transcript, defendant argues that, at most, $46,700 was established as the amount embezzled, and since restitution may not exceed the factual basis established, *People v Alvarado,* 142 Mich App 151, 162-163; 369 NW2d 462 (1984), the restitution provision of the probation order must be vacated. We agree with

the statement of law but disagree as to the facts. The sentencing transcript contains a statement by the trial judge that following the plea-taking on October 14, 1985, an updated presentence report had been prepared, was made available to the court and to counsel, and was discussed by the court and counsel in chambers. As noted earlier the updated presentence report contained a statement that $100,000 was the amount of restitution. Further, the sentencing transcript includes a statement by trial counsel that a consent judgment for $100,000 had been entered into between defendant and his employer. Consequently, we disagree that not more than $46,700 was established as the amount appropriated.

Further, any doubt about $100,000 being established as the sum embezzled is resolved by the testimony of defendant's attorney, Dan Ryan, upon rehearing. The transcript upon remand contains the following exchange:

> *Q.* As to or in regard to restitution in this case, you are aware that restitution can only be imposed to the extent of the loss that the complaining witness has incurred, aren't you?
>
> *A.* I believe that's the rule. I am also aware that there was a consent judgment entered into with Mr. Sickles and Mr. Lynch in the amount of $100,000. There was a civil lawsuit, whatever reasons there may have been [Mr. Sickles] admitted that he owed Mr. Lynch $100,000, so the whole concept of restitution in the criminal case was the same $100,000; my attitude being Mr. Sickles, if you pay him what you owe him in the civil case the criminal charges will be dismissed; that's where the $100,000 restitution came from.
>
> *Q.* Okay.
>
> *A.* We didn't pull $100,000 out of the air, that was the basis of the consent judgment and I be-

lieve Mr. Barrish was the civil counsel in that case.

## C

The third claim of sentencing error raised by defendant on appeal is that the sentence was in retaliation for defendant's earlier withdrawal of his plea. The apparent basis for this claim is that the disposition form for the first plea was signed by the trial judge and contained a box marked "Sentence: probationary jail term 3 years, first 6 months of probation in Macomb County Jail." The box was marked with an x, which was crossed out. The disposition form for the second plea, signed by the same trial judge, contained the same sentence, except this time nine months rather than six months were to be spent in the county jail. According to defendant the increased sentence was in retaliation for withdrawal of the earlier plea and is controlled by *People v Rivers,* 147 Mich App 56, 61-62; 382 NW2d 731 (1985). In *Rivers* we held that an increased sentence, imposed following trial after defendant's refusal to accept an earlier plea offer, was grounds for remand for resentencing by a different judge.

Unless there is something in the record which indicates the higher sentence was imposed as a penalty for the accused's assertion of his right to trial by jury, the sentence imposed will be sustained. Anno: *Propriety of sentencing justice's consideration of defendant's failure or refusal to accept plea bargain,* 100 ALR3d 834. Nothing in the record indicates who placed the x in the initial sentencing form, why it was placed there, or who crossed it out. In the absence of something in the record, we will not presume retaliation.

At sentencing the trial judge explained that he rejected the six-month guideline recommendation as grossly inadequate because of the substantial sum involved. At the evidentiary hearing in June, 1986, he stated he still felt nine months was too lenient a sentence and the only reason he ordered nine months was to afford a chance for restitution. Where the court offers a different reason for the sentence imposed than the reason asserted by the defendant, a reviewing court will not assume the sentence was imposed in retaliation for rejection of an initially offered plea. *Rivers, supra,* p 61; *People v Snow,* 386 Mich 586; 194 NW2d 314 (1972).

Affirmed.