### PEOPLE v BOGEDAIN

Docket No. 127949. Submitted March 23, 1990, at Lansing. Decided August 23, 1990.

Henry F. Bogedain was convicted of possession of an open liquor container in a motor vehicle at the conclusion of a jury trial in the First District Court. Defendant was sentenced to six months of probation and was ordered to pay $130 in fines, costs and fees. Defendant appealed in Monroe Circuit Court, claiming that his sentence should have been limited to the $40 penalty which would have been imposed pursuant to a schedule of fines authorized by the district court had he pled guilty. The circuit court, Michael W. LaBeau, J., ruled against defendant, who then appealed to the Court of Appeals by leave granted.

The Court of Appeals *held:*

The adoption of a scheduled fine system for pleas of guilty of certain traffic offenses in a traffic bureau of a district court is a judicial declaration that individualized punishment for the traffic offenses covered by the schedule is neither required nor permitted. Otherwise, a district court may nominally state that the defendant's background requires a longer sentence when in actuality the sentence is imposed because the defendant exercised his right to trial.

Reversed and remanded to the district court.

FINES — TRAFFIC OFFENSES — SCHEDULED FINE SYSTEM.

The adoption of a scheduled fine system for pleas of guilty of certain traffic offenses in a traffic bureau of a district court is a judicial declaration that individualized punishment for the traffic offenses covered by the schedule is neither required nor permitted; otherwise, a district court may nominally state that the defendant's background requires a longer sentence when in actuality the sentence is imposed because the defendant exercised his right to trial (MCL 600.8391; MSA 27A.8391).

*Gregory B. Jones,* for defendant.

REFERENCES

Am Jur 2d, Criminal Law § 476.

See the Index to Annotations under Guilty Plea; Habitual Criminals and Subsequent Offenders; Traffic Offenses and Violations.

Before: Brennan, P.J., and Gillis and Maher, JJ.

Per Curiam. Following a jury trial, defendant was convicted of possession of an open liquor container in a motor vehicle. MCL 436.34a; MSA 18.1005(1). Defendant claimed that his sentence should have been the $40 penalty which would have been imposed pursuant to a schedule of fines authorized by the district court if he had pled guilty. MCL 600.8391; MSA 27A.8391. Defendant relied on *People v Courts,* 401 Mich 57, 61-62; 257 NW2d 101 (1977), where our Supreme Court stated:

> The establishment of a Traffic Violations Bureau and a scheduled fine system creates for the traffic court defendant a circumstance different from the ordinary criminal case where the defendant is subject to the judge's sentence discretion whether he pleads guilty or is convicted after a trial. A traffic court defendant, if he pleads guilty to certain offenses within any time limits that may be prescribed therefor, can be assured that he will be fined exactly the same amount as any other person pleading guilty to the same offense no matter how disparate the prior driving records of the two defendants may be.
>
> We note that the statute limits the use of scheduled fines to those less serious traffic offenses. For those offenses, it has apparently been decided that a pre-determined fine may be levied in every case. There need be no examination, consideration of the history of the offender, or evaluation of extenuating circumstances. There is no pretense that a scheduled fine system represents an exercise of discretion.
>
> Our concern is that the court's practice of individualizing punishment for offenses covered by the schedule of fines may result in a defendant receiving a penalty for exercising the right to trial.

Since under present doctrine there is no review of the judge's exercise of sentencing discretion, the judge may in any case in which the defendant has any prior driving record justify an increased sentence nominally because of the prior record, but in actuality as a penalty for exercising the right to trial.

We view the adoption of a scheduled fine system as a judicial declaration that individualized punishment for the offenses covered is neither required nor permitted.

The district court rejected defendant's argument, finding that it was not unconstitutional to impose a higher penalty than it would have had he pled guilty, relying on *People v Rivers,* 147 Mich App 56; 382 NW2d 731 (1985). Defendant was sentenced to six months of probation with ten days to be served in the county jail if he failed to successfully complete his probation. Moreover, defendant was ordered to pay $130 in fines, costs and fees.

Defendant then appealed to the circuit court. The circuit court held that *Courts* had been superseded by *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983), which provided for appellate sentencing review. Defendant filed an application for leave to appeal. We granted defendant's application, and now reverse the decisions below and remand the case to the district court for modification of defendant's sentence in accordance with the fee schedule and the imposition of reasonable court costs.

While *Coles* created appellate sentencing review which did not exist when *Courts* was decided, we do not believe that *Coles* requires *Courts* to be disregarded. As noted in *Courts,* this type of case is distinguishable from the normal plea-bargaining situation in that defendant's sentence is not determined by his background. As also noted in *Courts,* while the trial court may nominally state that

defendant's background requires a longer sentence, as it did in the instant case, the sentence, in actuality, could have been imposed because defendant exercised his right to trial. *Id.* In sum, we believe that our Supreme Court's holding, that the adoption of a scheduled fine system is a judicial declaration that individualized punishment for the offenses covered is neither required nor permitted, remains viable even in light of *Coles* and *Rivers.*

Reversed and remanded to the district court for modification of defendant's sentence pursuant to the fee schedule, together with reasonable court costs.