*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CARLZELL HUFFMAN,

        Defendant-Appellant.

UNPUBLISHED
May 14, 2026
10:41 AM

No. 373645
Muskegon Circuit Court
LC No. 2024-000927-FH

Before: BAZZI, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals his jury-trial conviction of prisoner in possession of a weapon, MCL 800.283(4), arguing that he received ineffective assistance of counsel. He also appeals his minimum sentence of 22 months for the offense, claiming that the sentence was disproportionate. We affirm defendant's conviction and sentence.

## I. BACKGROUND

Defendant, while incarcerated, was found with a sharpened piece of metal in his pocket. Officers discovered the weapon during a search of his person after officers found another sharpened piece of metal under defendant's desk in his cell.

Defendant was initially charged with prisoner in possession of a weapon regarding the item found in his pocket. At the final pretrial hearing, held the day before the trial due to a clerical error, the prosecutor moved to amend the information to add a second charge of prisoner in possession of a weapon for the item found under the desk, and the trial court granted the amendment over defense counsel's objection. The prosecutor also amended the earlier plea offer, and defendant received time to consider and review the offer and evidence with his counsel. Defendant ultimately rejected the plea offer and proceeded to trial.

The jury found defendant guilty of possessing the item found in his pocket but acquitted him of the charge regarding the item found under his desk. The minimum sentencing range was 14 to 43 months, and defendant was sentenced to serve 22 months to 10 years' imprisonment consecutive to his current sentence. Defendant moved for a new trial, arguing that he received

-1-

ineffective assistance of counsel. The trial court denied the motion, finding that defense counsel was competent and prepared despite the difficulty of defending the charge. Once defendant appealed to this Court, he moved to remand for an evidentiary hearing on his ineffective assistance claims, but this Court denied the motion without prejudice. *People v Huffman*, unpublished order of the Court of Appeals, entered September 11, 2025.

Defendant now appeals his conviction and sentence.

## II. ANALYSIS

### A. INEFFECTIVE ASSISTANCE OF COUNSEL

On appeal, defendant argues that his trial counsel was ineffective. Defendant's right to counsel is guaranteed by the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. This right includes the right to the effective assistance of counsel. *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). Defendant moved earlier to remand this matter for an evidentiary hearing alleging, among other things, that trial counsel was ineffective. This Court denied the motion, so we review defendant's ineffective assistance of counsel claims for errors apparent on the record, though we retain the authority to remand for an evidentiary hearing if one is needed. See *People v Horn*, 279 Mich App 31, 38; 755 NW2d 212 (2008).

To establish a claim of ineffective assistance of counsel, defendant must show that: (1) defense counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *People v Taylor*, 275 Mich App 177, 186; 737 NW2d 790 (2007). Defense counsel's performance is deficient if it fell below an objective standard of professional reasonableness. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). Defendant bears a heavy burden to show that counsel made errors so serious that counsel was not performing as guaranteed by the Sixth Amendment, given the strong presumption that counsel's performance constituted sound trial strategy. *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001). The performance prejudiced the defense if it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different. *Jordan*, 275 Mich App at 667.

First, defendant argues that his counsel was ineffective by failing to investigate and properly argue against the prosecutor's motion to amend the information. The trial court can allow a motion to amend as long as the amendment would not unfairly surprise or prejudice defendant. MCR 6.112(H). Defendant claims that had counsel interviewed the officers who discovered the contraband, counsel would have discovered that cell doors are occasionally left open and, therefore, counsel could have argued that there was insufficient evidence of constructive possession of the item under the desk.

Stating the obvious, defendant cannot show prejudice given that he was acquitted of the count involving the blade under the desk. Moreover, if counsel discovered this information and used it when arguing against the prosecutor's motion to amend, that does not necessarily mean that the trial court would have denied the motion. Although defense counsel convinced the jury that there was insufficient evidence to convict defendant beyond a reasonable doubt, the prosecutor only needed to provide probable cause of the second offense to amend the information. *People v Spencer*, 320 Mich App 692, 705; 909 NW2d 17 (2017). And there was sufficient evidence to

support probable cause given the object was found in defendant's cell, regardless of access by others. See *People v Anderson*, 341 Mich App 272, 278-279; 989 NW2d 832 (2022) ("Notwithstanding defendant's claim that other scenarios could explain the weapon's presence, defendant has failed to show that such speculative possibilities preponderate against the conclusion that defendant possessed the weapon.").

Second, defendant claims his counsel was ineffective by failing to assert defendant's right to a speedy trial, claiming that there was a presumption of prejudice given the amount of time between the incident and trial. The United States and Michigan Constitutions guarantee defendant's right to a speedy trial, US Const, Am VI; Const 1963, art 1, § 20, and there's a presumption of prejudice to a defendant if the delay until trial is more than 18 months. *People v Rivera*, 301 Mich App 188, 193, 193; 835 NW2d 464 (2013)

Generally, the time to calculate delay begins when a defendant is arrested. *People v Williams*, 475 Mich 245, 261; 716 NW2d 208 (2006) citing *United States v Marion*, 404 US 307, 312; 92 S Ct 455; 30 L Ed 2d 468 (1971). In this case, defendant was already incarcerated so the time began when he became an accused, not when the incident occurred as defendant claims. See *Marion*, 404 US at 313. The earliest possible time that defendant could have become an accused was when the warrant was issued, which occurred approximately 10 months before the trial began.

Therefore, the alleged delay does not exceed 18 months and prejudice is not presumed. Defendant has not argued that he was prejudiced by the delay—and instead assumed a presumption of prejudice—and thus has not shown that defendant's right to a speedy trial was violated. Because his right to a speedy trial was not violated, his counsel was not ineffective for failing to assert such right. See *People v Sickles*, 162 Mich App 344, 359; 412 NW2d 734 (1987).

Defendant's other claims of ineffective assistance of counsel are likewise unavailing. Defendant was adequately informed of the new plea offer the day before trial and elected to proceed to trial. The record demonstrates that defense counsel was prepared for trial, knew the evidence, and discussed strategy with defendant. Further, counsel disputed that the item was a weapon, but the jury was not convinced that the item was a tool, evidenced by their conviction of defendant on this charge. The Sixth Amendment "does not guarantee infallible counsel," *People v LeBlanc*, 465 Mich 575, 592; 640 NW2d 246 (2002), and because defendant fails to show that his counsel's performance fell below an objectively reasonable standard, his ineffective assistance of counsel argument fails.

## B. SENTENCING

Defendant also argues on appeal that the trial court's sentencing was unreasonably harsh and disproportionate. We review for an abuse of discretion the trial court's decision on sentencing and the proportionality of such sentence. *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017). "A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes." *People v Segura*, 348 Mich App 123, 132; 17 NW3d 129 (2023). While considering the defendant's reformation, society's protection, the defendant's discipline, and deterrence of others, *People v Bennett*, 335 Mich App 409, 418; 966 NW2d 768 (2021), the sentence must be proportionate to the seriousness of the matter given the offense and the defendant, *Dixon-Bey*, 321 Mich App at 520-521. Sentences within the guidelines'

recommend range are presumptively proportionate. *People v Posey*, 512 Mich 317, 360; 1 NW3d 101 (2023).

Even though defendant argues that the trial court should have chosen a sentence at the bottom of the range, the trial court's sentence that was in the middle of the sentencing range was proportionate to the offense and offender. The sentence was appropriate for the purpose of deterring defendant and others from possessing items in prison that could be used as weapons, thereby reducing the danger to other inmates and correction officers. Defendant argues that the officers had no knowledge of the item being used as a weapon, but possession of a dangerous item alone causes the risk of harm that needs to be deterred. The trial court therefore did not abuse its discretion when sentencing defendant.

## III. CONCLUSION

None of defendant's arguments on ineffective assistance of counsel entitle him to a reversal of his conviction and a new trial. In addition, the trial court did not abuse its discretion in giving defendant a proportionate sentence.

Affirmed.

/s/ Mariam S. Bazzi
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle